# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>v.<br><br>MIGUEL CASTRO,<br><br>　　　　Defendant. | Case No.: 2:19-cr-00295-GMN-NJK<br><br>**ORDER**<br><br>(Docket No. 410) |

## I.　BACKGROUND

On November 12, 2019, a grand jury sitting in Las Vegas, Nevada issued an indictment charging Defendant Miguel Castro, along with several co-Defendants, with counts involving mail fraud and conspiracy to commit mail fraud. Docket No. 1. On November 13, 2019, Defendant appeared before the Court for his initial appearance and arraignment and plea. Docket No. 19. At that time, the Court appointed Yi Lin Zheng as counsel for Defendant. Docket Nos. 19, 28. Ms. Zheng remained counsel for Defendant in the instant case until she filed a motion to withdraw due to a newly arisen conflict.[1] Docket No. 337. On April 8, 2022, the Court appointed current counsel to represent Defendant. Docket No. 344.

During the pendency of this case, several continuances of both the pretrial motions deadline and the trial date have been granted. *See* Docket. On September 22, 2021, United States District Judge Gloria M. Navarro ordered, *inter alia*, that all pretrial motions must be filed no later than February 18, 2022. Docket No. 218. Trial is now set for a firm date of September 26, 2022. Docket Nos. 325, 393.

---

[1] Ms. Zheng's firm hired a new attorney who had previously been employed with the Federal Public Defender and, in that capacity, had worked on co-Defendant Mario Castro's case. *See* Docket No. 337.

On August 28, 2022, 191 days after the expiration of the deadline to file pretrial motions, Defendant filed a motion to suppress the statements he made to law enforcement on February 21, 2018. Docket No. 410. *See also* Docket No. 411 (corrected image). Defendant inaccurately certified that his motion was timely filed and included a vague statement that his counsel "recently learned" of the factual basis regarding his statements to law enforcement. Docket No. 411 at 1, n. 1.

On August 29, 2022, the Court ordered counsel for Defendant to "file a supplement to his motion to suppress detailing whether he learned the factual basis underlying the statements from newly-produced discovery and, if so, when that discovery was produced." Docket No. 412 at 1. The Court further allowed the United States to respond to Defendant's supplemental filing. *Id*. Defendant has now filed his supplement and the United States has filed a brief in response. Docket Nos. 414, 415.

Defendant submits that, when filing his motion to suppress, his counsel believed in good faith that it was timely filed. Docket No. 414 at 2. Defendant concedes that Judge Navarro set a pretrial motions deadline for February 18, 2022; however, he submits that, since the Local Rules refer to Fed.R.Crim.P. 41(h), the deadline only applies to motions to suppress evidence seized pursuant to a search. *Id*. *See also* LCR 12-1(b)(8). Defendant submits that his counsel certified his motion to suppress as timely because it did not pertain to evidence seized pursuant to a search warrant. Docket No. 414 at 2-3.

In the event the Court finds his motion untimely, Defendant asks the Court to find good cause exists to allow him to file it. *Id*. at 3. In support of this request, Defendant submits that his current counsel was appointed on April 8, 2022; counsel has been diligent; discovery is voluminous; it was only last week that Defendant discussed with counsel the factual basis underlying his statement; and, though counsel received discovery in April 2022, he could not have learned the issues surrounding the statement from discovery alone. *Id*. Further, Defendant submits that the pretrial motion deadline expired before his current counsel was appointed; therefore, any pretrial motion his counsel filed would have been considered untimely. *Id*. at 4.

The United States submits that, in February 2018, federal agents executed a search warrant at the business where Defendant worked and that, during the execution of the warrant, Defendant made the statement to agents that is the subject of his recently filed motion to suppress. Docket No. 415 at 1. The United States submits that, while Fed.R.Crim.P. 41 generally concerns warrants, Rule 41(h) applies to any suppression motion. *Id*. at 2. The United States submits that the plain text of Rule 41(h) reads that a "defendant may move to suppress evidence in the court where the trial will occur, as Rule 12 provides." *Id*. The United States further submits that the reference to Rule 12 in Rule 41(h) further demonstrates that Rule 41(h) applies to any suppression motion, as Rule 12 defines a motion for suppression of evidence as a pretrial motion. *Id*. The United States submits that Defendant's interpretation of the local rule would have exclude all motions to suppress, except motions to suppress resulting from the execution of a search warrant, from the pretrial motions deadline and that the plain text of the rule does not support such a distinction. *Id*. at 3.

The United States further submits that good cause does not exist to excuse Defendant's late filing. *Id*. In support of this contention, the United States submits that the statement was given in February 2018; the exhibits attached to Defendant's motion were produced in discovery in January 2020 and May 2020; and Defendant could have spoken to his attorney about the facts underlying the statement long before he did so. *Id*. at 3-4. Further, the United States submits that Defendant was represented by counsel prior to current counsel and, therefore, the fact that current counsel was appointed after the expiration of the pretrial motions deadline is irrelevant. *Id*. at 4. Finally, the United States submits that the late filing of Defendant's motion does not allow it to be fully briefed and decided prior to the trial date. *Id*. at 4-5. As a result, the United States asks the Court to either deny Defendant's motion to suppress or strike it as untimely. *Id*. at 5.

**II.    ANALYSIS**

This Court's local rules set a deadline for the filing of pretrial motions. LCR 12-1(a). Further, the local rules define which pretrial motions must be filed within the time period set by the deadline, including any "Motion to suppress evidence, Fed. R. Crim. P. 41(h)." LCR 12-1(b)(8). Fed.R.Crim.P. 41(h) states, in relevant part, that a "defendant may move to suppress

evidence in the court where the trial will occur, as Rule 12 provides." Rule 12 provides that a motion to suppress evidence must be made prior to trial. Fed.R.Crim.P. 12(b)(3)(C). Rule 12 further provides that, as this Court has done, a district court may set a deadline by which parties must make pretrial motions and may extend or reset that deadline. Fed.R.Crim.P. 12(c)(1), 12(c)(2).

"If a party does not meet the deadline for making a Rule 12(b)(3) motion, the motion is untimely. But a court may consider the defense, objection, or request if the party shows good cause." Fed.R.Crim.P. 12(c)(3). "The decision whether to grant an exception to a Rule 12 waiver lies in the discretion of the district court." *United States v. Tekle*, 329 F.3d 1108, 1113 (9th Cir. 2003) (citing *United States v. Gonzales*, 749 F.2d 1329, 1336 (9th Cir. 1984)). A belated decision to change trial tactics does not constitute good cause to excuse the waiver. *Gonzales*, 749 F.2d at 1336.

The plain text, therefore, clearly demonstrates that Rule 41(h) applies to motions to suppress any evidence, not just evidence seized as part of a search. Any other interpretation would, as the United States submits, lead to absurd results. Additionally, courts have specifically found that Rule 41(h) applies to motions to suppress statements for purported *Miranda* violations. "A defendant subjected to custodial interrogation without first being advised of his or her *Miranda* rights may move to suppress evidence of the custodial statement and any 'fruits' derived therefrom. Fed. R. Crim. P. 41(h)." *United States v. Chong*, 2015 WL 5156438, at *4 (C.D. Cal. Sept. 2, 2015); *see also United States v. Santos*, 340 F. Supp. 2d 527, 533, 539-40 (D.N.J. 2004) (identifying Rule 41(h) as basis for seeking suppression of statements under *Miranda*); *United States v. Robinson*, 2005 WL 3019061, at *1 (W.D. Penn. Nov. 10, 2005) (same).[2] As a result, the Court rejects Defendant's argument that he did not have to file a motion to suppress his statement before the pretrial motions deadline set by the Court. The Court finds that the pretrial motions deadline applies to the motion to suppress Defendant's statement and that Defendant filed the motion 191 days after the expiration of the deadline.

---

[2] Defendant gave his statement to agents during the execution of a search warrant at his place of business. Even using his interpretation of the rules, then, Rule 41 would apply.

      The Court also rejects Defendant's argument that he could not have filed this motion at an earlier date because current counsel was appointed to represent him after the expiration of the pretrial motions deadline. Defendant submits no authority that a change in counsel constitutes good cause for the late filing of a pretrial motion; even if he did, however, current counsel has represented him since April 8, 2022, and he presents no reason why he did not speak to current counsel about his statement to law enforcement earlier than last week. Further, Defendant was represented by prior counsel from November 13, 2019 through April 7, 2022, a total of 876 days. During that period of time, the pretrial motions deadline was extended several times and prior counsel, though she had full discovery and access to Defendant, did not choose to file a motion to suppress his statement.[3] *See* Docket. The Court therefore finds that good cause does not exist for filing the late motion to suppress.[4] *See United States v. Seideman*, 2010 WL 2803465 (E.D. Wash. July 13, 2010) (Defendant had ample opportunity to file pretrial motions during case, nonetheless allowed motions deadline to expire before asking for an extension to file pretrial motions).

      Accordingly, for the reasons stated above, the Court **GRANTS** the United States' request to strike Defendant's motion to suppress as untimely. The Court **ORDERS** that Defendant's motion to suppress, Docket No. 410, is hereby **STRICKEN**.

      IT IS SO ORDERED.

      DATED: August 30, 2022.

                                    NANCY J. KOPPE
                                    UNITED STATES MAGISTRATE JUDGE

---

[3] When the extended pretrial motions deadline expired, prior counsel had represented Defendant for 828 days.

[4] Defendant additionally fails to present authority that voluminous discovery constitutes good cause for the late filing of a motion to suppress. Particularly in this case, where Defendant's prior counsel had access to that discovery and to Defendant for almost 2 ½ years, the Court finds that the amount of discovery does not constitute good cause for filing the instant motion to suppress after the expiration of the pretrial motions deadline.