UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> vs. ) <br> ) <br> MIGUEL CASTRO *et al.*, ) <br> ) <br> Defendants. ) <br> ) | Case No.: 2:19-cr-00295-GMN-NJK-4 <br><br> **ORDER** |

Pending before the Court is Defendant Miguel Castro's ("Defendant's) Motion in Limine, (ECF No. 689), to which the Government filed a Response, (ECF No. 694).

For the reasons discussed below, the Court **DENIES** Defendant's Motion in Limine.

## I. BACKGROUND

The Court incorporates the relevant background information from Defendant's Motion in Limine. (Mot. Limine 2:1–5:8, ECF No. 689). Defendant filed the present Motion in Limine in response to testimony elicited at trial pertaining to the accuracy of Defendant's accounting practices at several business operations, including the business enterprise which allegedly operated as a cover for the underlying criminal offenses Defendant is now charged. (*Id.*). The Court discusses Defendant's Motion in Limine below.

## II. LEGAL STANDARD

In general, "[t]he court must decide any preliminary question about whether . . . evidence is admissible." Fed. R. Evid. 104(a).  In order to satisfy the burden of proof for Federal Rule of Evidence ("Fed. R. Evid.") 104(a), a party must show that the requirements for admissibility are met by a preponderance of the evidence. *See Bourjaily v. United States*, 483 U.S. 171, 175 (1987) ("We have traditionally required that these matters [regarding

admissibility determinations that hinge on preliminary factual questions] be established by a preponderance of proof.").

"Although the [Fed. R. Evid.] do not explicitly authorize in limine rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials." *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984) (citing Fed. R. Evid. 103(c)). In limine rulings "are not binding on the trial judge, and the judge may always change [her] mind during the course of a trial." *Ohler v. United States*, 529 U.S. 753, 758 n.3 (2000); *see also Luce*, 469 U.S. at 41. Judges have broad discretion when ruling on motions in limine. *See Jenkins v. Chrysler Motors Corp.*, 316 F.3d 663, 664 (7th Cir. 2002). However, a motion in limine should not be used to resolve factual disputes or weigh evidence. *C&E Servs., Inc., v. Ashland, Inc.*, 539 F. Supp. 2d 316, 323 (D.D.C. 2008). To exclude evidence on a motion in limine, the evidence must be inadmissible "on all potential grounds." *See, e.g.*, *Ind. Ins. Co. v. Gen. Elec. Co.*, 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004). "Unless evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context." *Hawthorne Partners v. AT&T Tech., Inc.*, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993).

### III. DISCUSSION

Broadly speaking, Defendant's Motion in Limine argues that testimony elicited at trial pertaining to the accuracy, or lack thereof, of Defendant's accounting practices constitutes prior bad act evidence under Fed. R. Evid. 404(b).[1] (*See generally* Mot. Limine). In response, the

---

[1] Operating from the conclusion that the prior conduct constitutes Rule 404(b) evidence, Defendant additionally contends that the Government failed to provide notice of the general nature these acts were going to be used at trial pursuant to Fed. R. Evid. 404(b)(2). (Mot. Limine 6:18–7:9). Generally speaking, Defendant is correct that in determining the admissibility of prior bad acts for trial, the Government "must articulate precisely the evidential hypothesis by which a fact of consequence may be inferred from the other acts evidence." *United States v. Mehrmanesh*, 689 F.2d 822, 830 (9th Cir. 1982). But the notice requirement is only required if the underlying evidence is Rule 404(b) evidence. *See United States v. Babichenko*, 543 F. Supp. 3d 930, 942 (D. Idaho 2021) (explaining that the government did not have to file a Rule 404(b) notice where the underlying evidence was not Rule 404(b) evidence, but rather, evidence inextricably intertwined with the charged conduct).

Government contends that Defendant's accounting work for the fraud scheme does not constitute prior bad acts pursuant to Fed. R. Evid. 404(b) because the conduct is inextricability intertwined with the charged offenses. (Resp. 2:18–3:17, ECF No. 694).  The Court agrees.

### A. Inextricably Intertwined Evidence

The Fed. R. Evid. 404(b) analysis is not required for "other acts" evidence if such evidence is actually "inextricably intertwined" with the charged offense. *United States v. Soliman*, 813 F.2d 277, 279 (9th Cir. 1987).  Evidence is "inextricably intertwined" when it (1) constitutes a portion of the transaction giving rise to the criminal charge; or (2) may be necessary to allow the prosecution "to offer a coherent and comprehensible story regarding the commission of the crime." *United States v. Vizcarra-Martinez*, 66 F.3d 1006, 1012 (9th Cir. 1995).  "In determining whether particular evidence is necessary to the prosecution's 'coherent and comprehensible story' [the relevant inquiry concerns] 'whether the evidence bears directly on the charged crime." *United States v. Wells*, 879 F.3d 900, 928–29 (9th Cir. 2018) (quoting *United States v. Dorsey*, 677 F.3d 944, 952 (9th Cir. 2012) (internal quotation marks omitted)). "There must be a sufficient contextual or substantive connection between the proffered evidence and the alleged crime to justify exempting the evidence from the strictures of Rule 404(b)." *Id*. (quoting *Vizcarra-Martinez*, 66 F.3d at 1013).

In the context of mail and wire fraud, the Ninth Circuit has found that "uncharged transactions that are part of an overall scheme are 'part of the same transaction' as the charged transactions." *United States v. Loftis*, 843 F.3d 1173, 1176 (9th Cir. 2016).  Thus, what may constitute "part of the same transaction" is not always limited to what is included in the four corners of an indictment. *See United States v. Thompson*, 606 F. Supp. 3d 1066, 1071 ("The Ninth Circuit has rejected the conclusion that 'part of the same transaction' evidence must

---

For the reasons set forth below, "[b]ecause the Court concludes that the evidence [at issue] is not Rule 404(b) evidence, the Court does not consider Defendant's arguments regarding sufficiency of notice under Rule 404(b)." *United States v. Thompson*, 606 F. Supp. 3d 1066, 1068 (W.D. Wash. 2022).

directly parallel the indictment."). In certain circumstances, whether evidence constitutes a part of the transaction requires an examination of the crime charged and its requisite elements. *See United States v. Kail*, No. 18-cr-00172, 2021 WL 261135, at *11 (N.D. Cal. Jan. 26, 2021) ("Because the evidence of uncharged conduct spoke directly to an element of the crime, the evidence was not subject to the limitations of Rule 404(b)."

Moreover, the "Ninth Circuit has also ruled that in conspiracy cases, the government is not limited to overt acts set out in the indictment but may also submit proof pertaining to the chain of events explaining the context, motive, and set-up of the crime, which is considered inextricably intertwined with the charged conspiracy." *United States v. Young*, No. 10-cr-00923, at *2 (C.D. Cal. Apr. 17, 2019) (citing *United States v. Rizk*, 660 F.3d 1125, 1132 (9th Cir. 2011) ("The rule is well established that the government in a conspiracy case may submit proof on the full scope of the conspiracy; it is not limited in its proof to the overt acts alleged in the indictment"); *see also United States v. Montgomery*, 384 F.3d 1050, 1062 (9th Cir. 2004) ("We conclude that each action was 'inextricably intertwined' with the conspiracy, and therefore not subject to Rule 404(b), because each occurred within the temporal scope of the conspiracy and comprised the conspiracy."); *United States v. Williams*, 989 F.2d 1061, 1070 (9th Cir. 1993) (finding no abuse of discretion where district court admitted evidence of conduct that was "closely linked to" events charged in drug conspiracy).

Here, the proffered prior conduct bears directly on the charged crime.[2] Evidence pertaining to Defendant's accounting work for the fraud scheme is relevant to explaining the

---

[2] Separately, the Court notes that Defendant's prior conduct can be inextricably intertwined with the charged offense even if this conduct is not formally charged in the Indictment. As the Ninth Circuit has observed, "the policies underlying [R]ule 404(b) are inapplicable when offenses committed as part of a single criminal episode become other acts simply because the defendant is indicted for less than all of his actions." *United States v. Lillard*, 354 F.3d 850, 854 (9th Cir. 2003). The Court declines to potentially exclude the whole of Defendant's alleged conduct just because he was only charged with part in the Indictment. *See Thompson*, 606 F. Supp. 3d at 1071. The conduct at issue here is part and parcel of the same conduct alleged in the Indictment. Defendant's accounting practices serve to establish his role in the conspiracy, and his knowledge that the business was an illegitimate cover for a fraud scheme.

context of the conspiracy, and the execution of the charged offenses. *See Vizcarra-Martinez*, 66 F.3d at 1013 ("It is obviously necessary in certain cases for the government to explain either the circumstances under which particular evidence was obtained or the events surrounding the commission of the crime."). This in turn helps establishes a coherent timeline for the jury by illustrating the precise contours of Defendant's role in the conspiracy and larger criminal enterprise. *See United States v. Ramirez*, 967 F.2d 1321, 1327 (9th Cir. 1992) (explaining that inextricably intertwined evidence is "'direct evidence,' used to flesh out the circumstances surrounding the crime with which the defendant has been charged.").

Furthermore, Defendant's accounting bears directly on the crime to the extent it is used to rebut his argument that he was unaware of the illegality of the mail fraud scheme. In *United States v. Daly*, the Ninth Circuit explained that a "jury is entitled to know the circumstances and background of a criminal charge. It cannot be expected to make its decision in a void—without knowledge of the time, place, and circumstances of the acts which form the basis of the charge." 974 F.2d 1215, 1216–17 (9th Cir. 1992). The Government's theory of the case is premised on the contention that defendants, including this Defendant, ran a series of illegitimate businesses. Defendant's lack of accounting acumen not only casts doubt on the proposition that these businesses were legitimately ran, but lends itself to the inference that he was aware the businesses were in fact, a cover for criminal enterprises.

As in *Daly*, the value of the proffered prior bad acts is derived from the context it provides, and the potential defenses it rebuts. *See Daly*, 974 F.2d at 1217 ("[E]vidence concerning other acts that are inextricably intertwined with the charged acts may be admitted . . . to put [defendant's] illegal conduct into context and to rebut his [defenses]."). Accordingly, the Court finds that the prior bad acts are inextricably intertwined with the charged offenses.

///

///

### B. Fed. R. Evid. 403

Next, Defendant argues that the evidence at issue would be more probative than prejudicial. (Mot. Limine 7:23–8:2). "The Court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

Here, Defendant summarily asserts in a single sentence that the Court should preclude the disputed evidence because the "probative value of the evidence is 'substantially outweighed by the danger of unfair prejudice . . . or mispleading the jury." (MIL 7:27–8:2). But this conclusory assertion fails to demonstrate why this evidence is unfairly prejudicial, as opposed to just prejudicial. As the Ninth Circuit observed, "[a]ll evidence introduced against a criminal defendant might be said to be prejudicial if it tends to prove the prosecution's case." *United States v. LeMay*, 260 F.3d 1018, 1026 (9th Cir. 2001). Merely saying that evidence is unfairly prejudicial does not make it so, especially where, as here, the evidence bears directly on the charged offenses. Therefore, the Court is unpersuaded that the evidence underlying Defendant's Motion is unfairly prejudicial. *See United States v. Simpson*, 910 F.2d 154, 158 (4th Cir. 1990) ("Of course, all relevant evidence is prejudicial; Rule 403 is concerned only with limiting 'unfair' prejudice.").

### IV. CONCLUSION

**IT IS HEREBY ORDERED** that Defendant's Motion in Limine, (ECF No. 689), is **DENIED**.

**DATED** this __5__ day of April, 2023.

_____
Gloria M. Navarro, District Judge
United States District Court