# UNITED STATES DISTRICT COURT

District of Nevada

| | |
|---|---|
| UNITED STATES OF AMERICA | )    **AMENDED JUDGMENT IN A CRIMINAL CASE** |
| **v.** | ) |
| MIGUEL CASTRO | )    Case Number:   2:19-cr-00295-GMN-NJK-4 |
| | )    USM Number:   55961-048 |

**Date of Original Judgment:**    9/27/2023

*(Or Date of Last Amended Judgment)*

Lucas Gaffney, CJA and Thomas A. Ericsson, CJA
Defendant's Attorney

## THE DEFENDANT:

☐ pleaded guilty to count(s) _____

☐ pleaded nolo contendere to count(s) _____
which was accepted by the court.

☑ was found guilty on count(s)    1 and 8-12 of the Indictment (ECF #1)
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 USC §§1349 & 1341 | Conspiracy to Commit Mail Fraud | 2/2018 | 1 |
| 18 U.S.C. § 1341 | Mail Fraud | 2/2018 | 8 |
| 18 U.S.C. § 1341 | Mail Fraud | 2/2018 | 9 |

The defendant is sentenced as provided in pages 2 through ____8____ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☑ The defendant has been found not guilty on count(s)   2-7 and 13

☐ Count(s) _____ ☐ is ☐ are dismissed on the motion of the United States.

    It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

11/1/2023
Date of Imposition of Judgment

Signature of Judge

GLORIA M. NAVARRO, JUDGE    U.S. DISTRICT COURT
Name and Title of Judge

November 1, 2023
Date

(NOTE: Identify Changes with Asterisks (*))

Judgment — Page __2__ of __8__

DEFENDANT:  MIGUEL CASTRO
CASE NUMBER:  2:19-cr-00295-GMN-NJK-4

## ADDITIONAL COUNTS OF CONVICTION

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. § 1341 | Mail Fraud | 2/2018 | 10 |
| 18 U.S.C. § 1341 | Mail Fraud | 2/2018 | 11 |
| 18 U.S.C. § 1341 | Mail Fraud | 2/2018 | 12 |

AO 245C (Rev. 09/20) Amended Judgment in a Criminal Case
Sheet 2 — Imprisonment                                                                    (NOTE: Identify Changes with Asterisks (*))

Judgment — Page ___3___ of ___8___

DEFENDANT:   MIGUEL CASTRO
CASE NUMBER:   2:19-cr-00295-GMN-NJK-4

# IMPRISONMENT

     The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of :

TWO HUNDRED AND THIRTY-FIVE (235) MONTHS per count, to run concurrent with each other.

☑  The court makes the following recommendations to the Bureau of Prisons:
   The Court recommends that the Defendant be allowed to serve his term of incarceration at BOP Lompoc, California or a BOP facility close to Las Vegas, Nevada due to proximity to family.

☐  The defendant is remanded to the custody of the United States Marshal.

☑  The defendant shall surrender to the United States Marshal for this district:
    ☑  at ___02:00___  ☐ a.m.  ☑ p.m.  on ___10/16/2023___ .
    ☐  as notified by the United States Marshal.

☐  The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
    ☐  before 2 p.m. on _____ .
    ☐  as notified by the United States Marshal.
    ☐  as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____ with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245C (Rev. 09/20) Amended Judgment in a Criminal Case
Sheet 3 — Supervised Release

(NOTE: Identify Changes with Asterisks (*))

Judgment—Page __4__ of __8__

DEFENDANT:  MIGUEL CASTRO
CASE NUMBER:  2:19-cr-00295-GMN-NJK-4

## SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of :

THREE (3) YEARS per count, to run concurrent with each other.

## MANDATORY CONDITIONS

1.   You must not commit another federal, state or local crime.
2.   You must not unlawfully possess a controlled substance.
3.   You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court, not to exceed 104 tests annually..
     ☑  The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*
4.   ☐  You must make restitution in accordance with 18 U.S.C. § 3663 and 3663A or any other statute authorizing a sentence of restitution. *(check if applicable)*
5.   ☑  You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*
6.   ☐  You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
7.   ☐  You must participate in an approved program for domestic violence. *(check if applicable)*

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

AO 245C (Rev. 09/20) Amended Judgment in a Criminal Case
   Sheet 3A — Supervised Release

Judgment—Page    5    of    8

DEFENDANT:    MIGUEL CASTRO
CASE NUMBER:    2:19-cr-00295-GMN-NJK-4

# STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision.  These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so.  If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity.  If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the specific risks posed by your criminal record and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the specific risks posed by your criminal record.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature _____    Date _____

AO 245C (Rev. 09/20) Amended Judgment in a Criminal Case
Sheet 3D — Supervised Release

(NOTE: Identify Changes with Asterisks (*))

Judgment—Page    6    of    8

DEFENDANT:  MIGUEL CASTRO
CASE NUMBER:  2:19-cr-00295-GMN-NJK-4

## SPECIAL CONDITIONS OF SUPERVISION

1. <u>Search and Seizure</u> – You must submit your person, property, house, residence, vehicle, papers, computers (as defined in 18 U.S.C. § 1030(e)(1)), other electronic communications or data storage devices or media, or office, to a search conducted by a United States Probation Officer. Failure to submit to a search may be grounds for revocation of release. You must warn any other occupants that the premises may be subject to searches pursuant to this condition.

The probation officer may conduct a search under this condition only when reasonable suspicion exists that you have violated a condition of supervision and that the areas to be searched contain evidence of this violation. Any search must be conducted at a reasonable time and in a reasonable manner.

2. <u>Access to Financial Information</u> – You must provide the probation officer access to any requested financial information and authorize the release of any financial information. The probation office will share financial information with the U.S. Attorney's Office.

3. <u>Debt Obligations</u> – You must not incur new credit charges, or open additional lines of credit without the approval of the probation officer.

4. <u>Employment With USPO Approval</u> – You must not work in any type of employment without the prior approval of the probation officer.

5. <u>No Contact</u> – You must not communicate, or otherwise interact, with any codefendants/coconspirators, either directly or through someone else, without first obtaining the permission of the probation office.

Note: A written statement of the conditions of release was provided to the Defendant in English and Spanish by the Probation Officer in open court at the time of sentencing

AO 245C (Rev. 09/20)   Amended Judgment in a Criminal Case
Sheet 5 — Criminal Monetary Penalties                                    (NOTE: Identify Changes with Asterisks (*))

Judgment — Page ___7___ of ___8___

DEFENDANT:   MIGUEL CASTRO
CASE NUMBER:   2:19-cr-00295-GMN-NJK-4

# CRIMINAL MONETARY PENALTIES

The defendant must pay the following total criminal monetary penalties under the schedule of payments on Sheet 6.

| | Assessment | Restitution | Fine | AVAA Assessment* | JVTA Assessment** |
|---|---|---|---|---|---|
| TOTALS | $ 600.00 | $ N/A | $ 500,000.00 | $ N/A | $ N/A |

☐ The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐ The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss*** | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| | | | |

| | | | |
|---|---|---|---|
| TOTALS | $ 0.00 | $ 0.00 | |

☐ Restitution amount ordered pursuant to plea agreement   $ _____

☑ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest, and it is ordered that:

   ☐ the interest requirement is waived for   ☐ fine   ☐ restitution.

   ☐ the interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

* Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pub. L. No. 115-299.
** Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
*** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

Case 2:19-cr-00295-GMN-NJK   Document 903   Filed 11/01/23   Page 8 of 16

Judgment — Page __8__ of __8__

DEFENDANT:  MIGUEL CASTRO
CASE NUMBER:  2:19-cr-00295-GMN-NJK-4

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

**A** ☑ Lump sum payment of $ ___500,600.00___ due immediately, balance due

       ☐ not later than _____ , or
       ☐ in accordance with ☐ C, ☐ D, ☐ E, or ☐ F below; or

**B** ☐ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

**C** ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

**D** ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

**E** ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F** ☐ Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

| Case Number Defendant and Co-Defendant Names *(including defendant number)* | Total Amount | Joint and Several Amount | Corresponding Payee, if appropriate. |
|---|---|---|---|
| | | | |

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☑ The defendant shall forfeit the defendant's interest in the following property to the United States:
     *** Final Order of Forfeiture attached.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment, (5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA assessment, (9) penalties, and (10) costs, including cost of prosecution and court costs.

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | 2:19-CR-295-GMN-NJK |
| Plaintiff, | **Final Order of Forfeiture** |
| v. | |
| MARIO CASTRO,<br>MIGUEL CASTRO, and<br>JOSE LUIS MENDEZ, | |
| Defendants. | |

The United States District Court for the District of Nevada entered a Preliminary Order of Forfeiture under Fed. R. Crim. P. 32.2(b)(1) and (b)(2); 18 U.S.C. § 981(a)(1)(C) with 28 U.S.C. § 2461(c); and 21 U.S.C. § 853(p), based upon the jury verdict finding Mario Castro guilty of the criminal offenses, forfeiting specific property and imposing an in personam criminal forfeiture money judgment set forth in the Forfeiture Allegation of the Criminal Indictment and shown by the United States to have the requisite nexus to the offenses to which Mario Castro was found guilty. Criminal Indictment, ECF No. 1; Minutes of Jury Trial, ECF No. 740; Jury Verdict, ECF No. 749; Preliminary Order of Forfeiture, ECF No. 812.

The United States District Court for the District of Nevada entered a Preliminary Order of Forfeiture under Fed. R. Crim. P. 32.2(b)(1) and (b)(2); 18 U.S.C. § 981(a)(1)(C) with 28 U.S.C. § 2461(c); and 21 U.S.C. § 953(p), based upon the jury verdict finding Miguel Castro guilty of the criminal offenses, forfeiting specific property and imposing an in personam criminal forfeiture money judgment set forth in the Forfeiture Allegation of the Criminal Indictment and shown by the United States to have the requisite nexus to the

offenses to which Miguel Castro was found guilty. Criminal Indictment, ECF No. 1; Minutes of Jury Trial, ECF No. 740; Jury Verdict, ECF No. 751; Preliminary Order of Forfeiture, ECF No. 811.

The United States District Court for the District of Nevada entered a Preliminary Order of Forfeiture under Fed. R. Crim. P. 32.2(b)(1) and (b)(2); 18 U.S.C. § 981(a)(1)(C) with 28 U.S.C. § 2461(c); and 21 U.S.C. § 853(p), based upon the jury verdict finding Jose Luis Mendez guilty of the criminal offenses, forfeiting specific property and imposing an in personam criminal forfeiture money judgment set forth in the Forfeiture Allegation of the Criminal Indictment and shown by the United States to have the requisite nexus to the offenses to which Jose Luis Mendez was found guilty. Criminal Indictment, ECF No. 1; Minutes of Jury Trial, ECF No. 740; Jury Verdict, ECF No. 752; Preliminary Order of Forfeiture, ECF No. 810.

This Court finds that on the government's motion, the Court may at any time enter an order of forfeiture or amend an existing order of forfeiture to include subsequently located property or substitute property under Fed. R. Crim. P. 32.2(e) and 32.2(b)(2)(C).

The in personam criminal forfeiture money judgment amounts of $1,907,095 as to Mario Castro, $888,254 as to Miguel Castro, and $1,246,575 as to Jose Luis Mendez comply with *United States v. Lo*, 839 F.3d 777 (9th Cir. 2016); *Honeycutt v. United States*, 581 U.S. 443 (2017); *United States v. Thompson*, 990 F.3d 680 (9th Cir. 2021); and *United States v. Prasad*, 18 F.4th 313 (9th Cir. 2021).

This Court finds the United States published the notice of forfeiture in accordance with the law via the official government internet forfeiture site, www.forfeiture.gov, consecutively from August 11, 2023, through September 9, 2023, notifying all potential third parties of their right to petition the Court. Notice of Filing Proof of Publication Exhibits, ECF No. 847-1, p. 5.

This Court finds the United States notified known third parties by regular mail and certified mail return receipt requested of their right to petition the Court. Notice of Filing Service of Process – Mailing, ECF No. 892.

On September 21, 2023, the United States Attorney's Office served Gage Muniz personally and as President, Secretary, Treasurer, and Director of Distribution Reporting Center, Inc., by regular and certified return receipt mail with the Preliminary Order of Forfeiture and the Notice. Notice of Filing Service of Process – Mailing, ECF No. 892-1, p. 3, 8-27.

On September 21, 2023, the United States Attorney's Office served and attempted to serve Maria De Los Angeles Ramirez personally and as President, Secretary, Treasurer, and Director of Global Data Funding Inc., on Silverleaf Circle by regular and certified return receipt mail with the Preliminary Order of Forfeiture and the Notice. Tracking of the certified mail shows the mail has been moving through network since September 26, 2023. Neither mailing has been returned. Notice of Filing Service of Process – Mailing, ECF No. 892-1, p. 3, 8-23, 28-31.

On September 21, 2023, the United States Attorney's Office served Maria De Los Angeles Ramirez personally and as President, Secretary, Treasurer, and Director of Global Data Funding Inc., on Morning Mist Dr., by regular and certified return receipt mail with the Preliminary Order of Forfeiture and the Notice. Notice of Filing Service of Process – Mailing, ECF No. 892-1, p. 3, 8-23, 32-35.

On September 21, 2023, the United States Attorney's Office served North American Disbursement Agency, Inc., c/o Secretary of State, by regular and certified return receipt mail with the Preliminary Order of Forfeiture and the Notice. Notice of Filing Service of Process – Mailing, ECF No. 892-1, p. 3, 8-23, 36-38.

On September 21, 2023, the United States Attorney's Office served Golden Products Services, c/o Secretary of State, by regular and certified return receipt mail with the Preliminary Order of Forfeiture and the Notice. Notice of Filing Service of Process – Mailing, ECF No. 892-1, p. 3, 8-23, 39-41.

On September 21, 2023, the United States Attorney's Office served and attempted to serve Jose L. Mendez personally and as President, Secretary, Treasurer, and Director of Pacific Allocation Systems Inc., by regular and certified return receipt mail with the

Preliminary Order of Forfeiture and the Notice. Tracking on the certified mail shows the letter is being returned to sender as unclaimed. Neither mailing has been returned. Jose Mendez has actual notice. Notice of Filing Service of Process – Mailing, ECF No. 892-1, p. 3-4, 8-23, 42-46.

On September 21, 2023, the United States Attorney's Office served Edgar Del Rio as President, Secretary, Treasurer, and Director of NSD Products, Inc., by regular and certified return receipt mail with the Preliminary Order of Forfeiture and the Notice. Notice of Filing Service of Process – Mailing, ECF No. 892-1, p. 4, 8-23, 47-49.

On September 21, 2023, the United States Attorney's Office served and attempted to serve Mario Castro personally and as Registered Agent, President, Secretary, Treasurer, and Director of PI Printing Corp., by regular and certified return receipt mail with the Preliminary Order of Forfeiture and the Notice. The certified mail was returned as unclaimed, not deliverable as addressed, unable to forward. The regular mail was not returned. Mario Castro has actual notice. Notice of Filing Service of Process – Mailing, ECF No. 892-1, p. 4, 8-23, 50-53.

On September 21, 2023, the United States Attorney's Office served and attempted to serve Jose Silvestre Castro personally and as President, Secretary, Treasurer, and Director of Special Money Managers, Inc., by regular and certified return receipt mail with the Preliminary Order of Forfeiture and the Notice. The certified mail was returned as unclaimed, not deliverable as addressed, unable to forward. The regular mail was not returned. Notice of Filing Service of Process – Mailing, ECF No. 892-1, p. 4, 8-23, 54-57.

On September 21, 2023, the United States Attorney's Office served Engracia Medina personally and as President, Secretary, Treasurer, and Director for All American Awards, Inc., in Hemet, CA, by regular and certified return receipt mail with the Preliminary Order of Forfeiture and the Notice. Notice of Filing Service of Process – Mailing, ECF No. 892-1, p. 4, 8-23, 58-60.

On September 21, 2023, the United States Attorney's Office served Engracia Medina personally and as President, Secretary, Treasurer, and Director for All American Awards,

1   Inc., in Huntington Beach, CA, by regular and certified return receipt mail with the

2   Preliminary Order of Forfeiture and the Notice. Notice of Filing Service of Process –

3   Mailing, ECF No. 892-1, p. 4, 8-23, 61-63.

4         On September 21, 2023, the United States Attorney's Office served Salvador Castro

5   by regular and certified return receipt mail with the Preliminary Order of Forfeiture and the

6   Notice. Notice of Filing Service of Process – Mailing, ECF No. 892-1, p. 5, 8-23, 64-66.

7         On September 21, 2023, the United States Attorney's Office served Donald J. Green

8   as Counsel for Salvador Castro; Golden Products Service, Inc.; Golden Products Service

9   Inc. DBA Imperial Award Services, DBA MMI, by regular and certified return receipt mail

10  with the Preliminary Order of Forfeiture and the Notice. Notice of Filing Service of Process

11  – Mailing, ECF No. 892-1, p. 5, 8-23, 67-70.

12        On September 21, 2023, the United States Attorney's Office served and attempted to

13  serve Mario Castro, Jr., by regular and certified return receipt mail with the Preliminary

14  Order of Forfeiture and the Notice. Tracking on the certified mail shows the letter is being

15  returned to sender as unclaimed. Neither mailing has been returned. Notice of Filing Service

16  of Process – Mailing, ECF No. 892-1, p. 5, 8-23, 71-75.

17        On September 21, 2023, the United States Attorney's Office served and attempted to

18  serve Jose Castro, Jr., by regular and certified return receipt mail with the Preliminary Order

19  of Forfeiture and the Notice. The certified mail was returned as unclaimed, not deliverable

20  as addressed, and unable to forward. The regular mail was not returned. Notice of Filing

21  Service of Process – Mailing, ECF No. 892-1, p. 5, 8-23, 76-79.

22        On September 21, 2023, the United States Attorney's Office served and attempted to

23  serve Codi Kern by regular and certified return receipt mail with the Preliminary Order of

24  Forfeiture and the Notice. The certified mail was returned as not deliverable as addressed,

25  unable to forward. The regular mail was not returned. Notice of Filing Service of Process –

26  Mailing, ECF No. 892-1, p. 5, 8-23, 80-83.

27  / / /

28  / / /

On September 21, 2023, the United States Attorney's Office served Norma Del Rio by regular and certified return receipt mail with the Preliminary Order of Forfeiture and the Notice. Notice of Filing Service of Process – Mailing, ECF No. 892-1, p. 5, 8-23, 84-86.

On September 21, 2023, the United States Attorney's Office served Jose Salud Castro, c/o Chris T. Rasumssen, by regular and certified return receipt mail with the Preliminary Order of Forfeiture and the Notice. Notice of Filing Service of Process – Mailing, ECF No. 892-1, p. 5, 8-23, 87-90.

On September 21, 2023, the United States Attorney's Office served and attempted to serve Jose Salud Castro by regular and certified return receipt mail with the Preliminary Order of Forfeiture and the Notice. The certified mail was returned as unclaimed, not deliverable as addressed, unable to forward. The regular mail was not returned. Notice of Filing Service of Process – Mailing, ECF No. 892-1, p. 6, 8-23, 91-94.

On September 21, 2023, the United States Attorney's Office served and attempted to serve Jesus Garcia personally and as President, Secretary, Treasurer, and Director of Golden Products Service, Inc., by regular and certified return receipt mail with the Preliminary Order of Forfeiture and the Notice. Tracking of the certified mail shows the mail has been moving through network since September 28, 2023. Neither mailing has been returned. Notice of Filing Service of Process – Mailing, ECF No. 892-1, p. 6, 8-23, 95-99.

This Court finds no petition was filed herein by or on behalf of any person or entity and the time for filing such petitions and claims has expired.

This Court finds no petitions are pending regarding the property named herein and the time has expired for presenting such petitions.

THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that all possessory rights, ownership rights, and all rights, titles, and interests in the property hereinafter described are condemned, forfeited, and vested in the United States:

1. $106,150;

2. $20,400.32;

3. $34,364;

4.  $40,010;

5.  $50,126.59;

6.  $4,998;

7.  $10,908;

8.  $15,278;

9.  $6,975;

10. $4,644;

11. $3,101;

12. $1,824;

13. $13,146;

14. $1,785;

15. $14,439;

16. $9,887;

17. $8,253;

18. $138;

19. $12,464.03; and

20. $18,950

(all of which constitutes property); and

that the United States recover from Mario Castro the in personam criminal forfeiture money judgment of $1,907,095; from Miguel Castro the in personam criminal forfeiture money judgment of $888,254; and from Jose Luis Mendez the in personam criminal forfeiture money judgment of $1,246,575, not to be held jointly and severally liable with any codefendants, the collected money judgment amount between the codefendants is not to exceed $10,000,000 to ensure the government does not collect more than the forfeitable amount based on the forfeiture statutes and Ninth Circuit cases, and that the property will not be applied toward the payment of the money judgments; and

the forfeiture of the money judgments and the property is imposed under Fed. R. Crim. P. 32.2(b)(4)(A) and (b)(4)(B); Fed. R. Crim. P. 32.2(c)(2); 18 U.S.C. § 981(a)(1)(C)

7

1   with 28 U.S.C. § 2461(c); and 21 U.S.C. § 853(n)(7) and 853(p); that the money judgments

2   shall be collected; and that the property and the collected amount shall be disposed of

3   according to law.

4         IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that under Fed. R.

5   Crim. P. 32.2(c) and 21 U.S.C. § 853(n)(7), all possessory rights, ownership rights, and all

6   rights, titles, and interests in the real property are extinguished and are not recognized for

7   Mario Castro, Miguel Castro, and Jose Luis Mendez and all third parties.

8         IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that any and all

9   forfeited funds, including but not limited to, currency, currency equivalents, certificates of

10   deposit, as well as any income derived as a result of the government's management of any

11   property forfeited herein, and the proceeds from the sale of any forfeited property shall be

12   disposed of according to law.

13         IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Clerk send

14   copies of this Order to all counsel of record and three certified copies to the United States

15   Attorney's Office, Attention Asset Forfeiture Unit.

16         DATED _____October 30_____, 2023.

17

18

19                                _____
                                GLORIA M. NAVARRO

20                                 UNITED STATES DISTRICT JUDGE

21

22

23

24

25

26

27

28